GRANVILLE LEWIS v. EDWARD P. BLACK.

The question whether a suit can be sustained upon an express, oral promise, made within two years before suit brought, to pay a note, where four years have elapsed since the maturity of the note, is not presented in this case.

Where there is no statement of facts, instructions to the jury, or the refusal of instructions, will not be revised.

Error from Panola.    Tried before the Hon. A. W. O. Hicks.

There was no demurrer to the petition.

*W. R. Poag*, for plaintiff in error.

HEMPHILL, CH. J.    More than four years had elapsed after the maturity of the notes, before suit brought; but, to save them from the bar of the statute, the plaintiff alleged that after the maturity of the notes, the defendant had promised to renew them, and that the plaintiff, relying on this promise, was prevented from bringing his suit within the four years ; and the Court was requested, but refused to charge the jury, that if they believed the defendant did, within two years next preceding the filing of this suit, promise to pay the amount

specified in said notes, (or secure the same,) then the statute has not run against the promise, and the plaintiff has a right to recover.

The plaintiff's counsel has offered a very ingenious argument to establish the proposition, that an express promise to pay a debt, subsequent to the time it became due, will, though not in writing, take the debt out of the operation of the statute, and that the 12th Section of the Law of Limitations (Hart. Dig. Art. 2388) includes only an acknowledgment of the justice of the claim, or an implied promise, which is required to be in writing in order to stop the running of the limitation.

But, while we do not assent to his proposition, or to the distinction in this particular between express and implied promises, or to his further proposition that part payment would have the effect of a new promise to pay the remainder, yet, in the attitude of the case, it is not deemed necessary or proper to discuss the subject. There is no statement of facts, and it does not appear that any evidence was offered to sustain the allegation of the promise to pay or renew the notes.

The charge asked of the Court was a mere abstraction, having no connection with any evidence in the cause, and this (if even the proposition had been sound in law) was quite a sufficient ground for its refusal.

Judgment affirmed.