No. 2591.

## PETER BESSO v. JOHN SOUTHWORTH.

1. PLEADING.—In an action for damages alleged to have been caused by defendant by leasing a house to prostitutes to injury of plaintiff, who owned adjacent houses and lots use l as homestead and for leasing for rent, damages being specified as difficulty in renting and in depreciation in value; *held* that a charge of the court submitting diminished rental value as an element of damages was within the allegations in the petition, and was not error, there being no special exception to the allegations in the petition.
2. PRACTICE—ABSENCE OF STATEMENT OF FACTS.—In absence of a statement of facts it will be presumed that the allegations in the petition were sustained by the testimony upon the plaintiff recovering. A charge of the court that no testimony was produced to an important allegation will not control such presumption.
3. INJURY TO FEELINGS.—The allegations in the petition showed a wanton and wilful invasion of plaintiff's rights by the defendant in persistently leasing his houses to prostitutes after being warned not to do so. In such state of facts injury to feelings would constitute an element in exemplary damages which would properly be submitted to the jury.
4. CHARGE.—The charge of the court submitted to the jury as basis for computation of actual damages, (1) impaired rental value, (2) diminished value of the property, and (3) injury to feelings, also charging

that no exemplary damages would be given. The verdict for plaintiff. was for twenty-five dollars for diminished rental and seventy-five dollars for injury to feelings. The allegations in the petition making a case for exemplary damages, in absence of a statement of facts, it is unnecessary to determine whether "injury to feelings" in such case could be compensated as actual damages. Under the petitition presumed to have been proven it was properly allowed to plaintiff, and the error, if one, was not material.

APPEAL from Navarro. Tried below before the Hon. Sam R. Frost.

*John D. Lee* and *Simpkins & Neblett,* for appellants, cited Houston & Texas Central Railroad Company v. Malloy, 64 Texas, 615; Marsan v. French, 61 Texas, 173; Wallace v. Finberg, 46 Texas, 35; Stewart v. Telegraph Company, 66 Texas, 580.

*Beale & Autry,* for appellee: This was an injunction case, with damages, actual and exemplary, attendant as incidentals. The court eliminated (without complaint on part of plaintiff) all question of exemplary damages, and submitted the case to the jury upon special issues; and the charge of the court forms the entire basis of the complaint of appellant on this appeal. The perpetual injunction was granted, and in this regard no attempt is made to revise the action of the court below.

In view of the fact that the only errors assigned are in connection with the charge of the court, a serious embarrassment is met with on account of the record containing no statement of facts. In this connection, we beg to submit, as peculiarly applicable in this case, the following general propositions:

"As a general rule, it is well settled that the Supreme Court will not revise the charge of the court below where there is no statement of facts." (Pfeuffer v. Maltby, 54 Texas, 459.)

"Parties wishing to have errors of the court reviewed, in giving or refusing charges, should prepare and send up a statement of facts." (Fulgham v. Bendy, 23 Texas, 65.)

"Where there is no statement of facts, every presumption will be entertained in favor of the correctness of the verdict and judgment." (1 Ap. Civ. Cases, secs. 15, 115, 150, 869, 1074, 1335.)

"Where there is no statement of facts in the record or bill of exceptions, it will, upon appeal, be presumed such a state-

ment of facts was proven as justified the charge." (Bradford v. Mann, 1 U. C., 225.)

"In the absence of a statement of facts, every legal intendment is in favor of the correctness of the judgment. It will be presumed in such cases that the evidence was sufficient to authorize the finding." (Wallace v. Bogel, 62 Texas, 636, and authorities cited.)

"It is the well established rule of this court, that the charge of the judge below will not be revised unless there be a statement of facts in the record, except the pleadings contain matter which shows the charge to be necessarily erroneous." (Bast v. Alford, 22 Texas, 399.)

"In the absence of a statement of facts, a reversal will not follow on account of a charge which is abstractly erroneous, unless in the particular case it nevertheless appears that appellant suffered." (White v. Parks, 67 Texas, 605.)

GAINES, ASSOCIATE JUSTICE. This suit was brought by appellee against appellant, to enjoin him from permitting a bawdy house to be kept upon certain property owned by him in the city of Corsicana, and to recover damages caused by the nuisance.

The allegations of the petition show that the defendant was the owner of a house and lot in the city, and that the plaintiff owned other houses and lots in the same vicinity, upon one of which he resided with a wife and children—the other being used "for rental purposes;" that for two years previous to the filing of the petition the defendant had rented his house to lewd women as a place of prostitution, and that during all that time it had been occupied by his consent by such women as a place of public prostitution. It was also averred that during the time the inmates of the house, "at all hours of the day and night, had been guilty of boisterous, vulgar and indecent conduct, in the view and hearing of this plaintiff and his family and his tenants." It was also alleged in substance that the plaintiff and others had used efforts to abate the nuisance by prosecuting the inmates, by warning the defendant, and by notifying him in writing not to permit the house to be used for such purposes; and that notwithstanding this, for the purpose of shielding himself from the consequences of his conduct, he had made a deed to the keeper of the house, which was without considertion and "a sham and fraud." The petition

also averred that, by reason of the premises, the plaintiff had great difficulty in renting the houses kept by him for that purpose, that they had depreciated in value, and that he had suffered a wrong and outrage to his feelings, and claimed damages, actual and exemplary, both to his property and feelings.

The court charged the jury that if they found for the plaintiff and awarded damages, that they would state in their verdict how much was allowed for permanent depreciation in the value of the property, how much for loss of rents and how much for injury to the plaintiff's feelings; but also charged them that they should not give exemplary damages. The jury found for plaintiff, and gave twenty-five dollars as damages for loss of rents and seventy-five dollars for injury to his feelings, and that there had been no depreciation in the value of his property.

It is insisted that the pleadings did not warrant an award of damages for a loss of rents, and that, therefore, the charge of the court instructing the jury to find such damages was error. We do not concur in the proposition. The allegations of the petition indicated that the plaintiff had been damaged by the difficulty in renting his property as well as by depreciation, and alleged his aggregate damages from this source at two thousand dollars. We think that this was sufficient in a general way to apprise the defendant of the nature of plaintiff's claim in these particulars, and that if he had desired a more specific allegation he should have interposed a special exception to the petition.

It is also complained, in effect, that the court erred in instructing the jury that the plaintiff could recover for the injury to his feelings, as actual damages; and the proposition is submitted, that mental suffering is not an element of actual damages in such a case. There is no statement of facts in the record, and it is a general rule that, in the absence of such statement, errors assigned upon the charge of the court will not be considered. (Dewees v. Hudgeons, 1 Texas, 192; Berge v. Warehop, 23 Texas, 441; McMahon v. Rice, 16 Texas, 335; Lewis v. Black, 16 Texas, 652; Flanagan v. Ward, 12 Texas, 209.) If it should be conceded that the proposition insisted upon is correct, then the question would arise: Has the defendant been prejudiced by the error in the charge?

Mental suffering being an element to be considered in the estimate of exemplary damages, if the pleadings and evi-

dence made a case of such damages, the question would have to be answered in the negative. The petition does show a recovery has once been had for a nuisance and it is continued, exemplary damages are allowed as a matter of course upon a case for exemplary damages. It is elementary, that when a second successful suit. (Wood on Nuis., sec. 855.) The ground of the recovery in such case is that the continuance of the nuisance after damages are once recovered, shows "a wanton and willful invasion of another's right." In the case before us the petition shows that the defendant had been warned of the nature of the establishment complained of, and notified in writing to suppress it, and that he subsequently made a pretended conveyance (which was without consideration) to the keeper of the house in order so shield himself from responsibility. Hence, if the allegations be true, he knew the nature of the house, and that it was damaging and offensive to his neighbors; and the law charges him with notice, that it was unlawful. The making of the pretended conveyance showed a consciousness of his guilt and a willful determination to persist in the wrong. This, we think, makes as strong a case for exemplary damages as that of a second recovery. As to the evidence, in the absence of a statement of facts, we must consider as proved every fact necessary to a recovery which could have been proved under the pleadings; unless we are to be governed as to this matter by the statement made in the charge of court, to the effect that there was no evidence to warrant a recovery of exemplary damages. But we are of the opinion that we can not look to the charge of the court to determine whether or not there has been any evidence upon a particular issue. A statement of facts is the method provided by the statute for certifying to this court the evidence adduced upon a trial in the court below; and when this is absent, we must consider everything as proved which is necessary to sustain the verdict. If the circumstances of aggravation alleged in the petition were proved, as we must presume they were, then we think the plaintiff was entitled to recover for the injury to his feelings, and that the error of the court in charging that such injury could be recovered as actual damages becomes immaterial, if error it was. If the appellant had brought up a statement of facts, and it had appeared therefrom that a case for exemplary damages was not made by the evidence, it would have been necessary for us to determine

whether the charge complained of was erroneous or not. As the record is presented we are relieved from entering upon the discussion of that vexed question.

There being no error in the proceedings of the court below, which has operated to the prejudice of appellant, the judgment is affirmed.

*Affirmed.*

Opinion delivered November 16, 1888.