### I. R. WILLIAMS ET AL. v. J. P. ROBERTSON.

Decided December 12, 1908.

**1.—Appeal—Statement of Facts—Statute Construed.**

Under and by reason of the provisions of the Act of the Legislature approved May 25, 1907 (Gen. Laws, 1907, p. 509), the original statement of facts, whether prepared by a court stenographer or otherwise, must be sent up with the record on appeal. A statement of facts copied into the transcript will not be considered.

**2.—Same—Absence of Statement of Facts.**

In the absence of a statement of facts, assignments of error that go to the sufficiency of the court's charge and the evidence will not be considered.

Appeal from the District Court of Martin County. Tried below before Hon. Jas. L. Shepherd.

*S. J. Isaacks, Morrison & Morrison* and *Hawkins & Hackett,* for appellant.

*R. N. Grisham* and *Miller & Dycus,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee J. P. Robertson against I. R. Williams, J. W. Williams and T. J. Barnes to recover the title and possession of four sections of public free school lands situated in Martin County, Texas, and particularly described in appellee's petition. I. R. Williams disclaimed as to sections thirty-two and thirty-six and pleaded not guilty as to sections thirty-eight and forty-six; J. W. Williams disclaimed as to sections thirty-eight and forty-six and pleaded not guilty as to sections thirty-two and thirty-six; appellant T. J. Barnes disclaimed as to sections thirty-two and forty-six and pleaded not guilty as to sections thirty-six and thirty-eight. There was a trial before a jury October 1, 1907, resulting in a verdict and judgment for appellee Robertson, from which all of the defendants have appealed, appellant T. J. Barnes having also filed cross-assignments of error against his co-appellants.

At the threshold of the case appellants are met with a motion in behalf of appellee to strike out the statement of facts which was copied and included in the transcript, the original not having been filed in this court. Appellants reply that there was no court stenographer in the judicial district in which the case was tried, and that the statement was made under and in accordance with the Act of the Legislature approved May 14, 1907, and laws prior thereto, and not under and in accordance with the Act approved May 25, 1907, commonly known as the "Stenographer's Bill." The two Acts of the Legislature referred to (see Gen. Laws 1907, pp. 446 and 509) were both passed at the same session of the Legislature and have recently been considered by our Supreme Court in the case of Texas Pac. Ry. Co. v. Stoker, 102 Texas, 60, certified from this court, and it was definitely held that the requirement of the Act approved May 25, that "no statement of facts shall be incorporated in the

transcript on appeal, but the original shall be sent up therewith," applies to all statements of fact.

In view of the specific declaration of the Legislature quoted and of the decision referred to, the motion to strike out the statement of facts must be sustained. This conclusion necessarily results in an affirmance of the judgment, inasmuch as the assignments and cross-assignments of error all go to the sufficiency of the court's charge and of the evidence, the rule being that without a statement of facts such assignments are unavailing. See Missouri, K. & T. Ry. Co. v. Elliott, 42 Texas Civ. App., 519, and cases therein cited.

The above conclusions also render immaterial several very interesting questions presented on a separate appeal (consolidated with this) by appellee from an order of the District Court of Martin County, at a subsequent term of the court from that during which the main case was tried, refusing, on motion therefor, to correct the certificate of the judge to the statement of facts we have been considering.

It is accordingly ordered that the judgments in cause No. 5884, J. P. Robertson v. I. R. Williams et al., and in case No. 5761, I. R. Williams et al. v. J. P. Robertson, be affirmed, and that appellee pay all costs of the appeal in cause No. 5884, first named.

*Affirmed.*

Writ of error refused.