# Green, Appellant, *v.* Sumby.

*Equity—Fraud—Rescission of deed—Party in interest—Demurrer.*

1. A bill in equity filed by one who describes himself as the "heir at law and next of kin" of a deceased grantor, praying that a deed by which certain real estate was conveyed by the deceased to the defendant be declared void upon grounds of fraud and deceit, is demurrable where it further appears by the bill that the defendant is the devisee of the same property under a will probated and unappealed from.

2. In such a case the only persons who may question the bona fides of the deed are those entitled to the real estate under the will.

Argued Jan. 6, 1911. Appeal, No. 192, Jan. T., 1910, by plaintiff, from decree of C. P. No. 3, Phila. Co., Dec. Term, 1909, No. 3753½ sustaining demurrer to bill in equity in case of Charles H. Green v. Elbert A. Sumby. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill for rescission and cancellation of two deeds. Demurrer to bill.

The facts appear in the opinion of FERGUSON, J., as follows:

In this case a bill has been filed by one who describes himself as "the brother and only living heir at law and next of kin, so far as he knows, of Sarah E. Berry." He seeks upon grounds of fraud and deceit to set aside a deed for certain real estate executed in October, 1908, by Sarah E. Berry to defendant. The bill also alleged that in August, 1908, by fraud and undue influence, the defendant persuaded Sarah E. Berry to publish a last will and testament in which the same real estate was devised to defendant. By the bill it appears that Sarah E. Berry died January 8, 1910, and the will has been admitted to probate by the register of wills. The bill prays that the deed above referred to be declared void. To the bill a demurrer has been filed. In our opinion the demurrer must be sustained. While the bill alleges that a will was fraudulently procured the will is not sought to be affected by the proceedings. This will was probated and stands unappealed from. Those who may rightfully claim the real estate under the will are the only persons who have any standing to impeach the deed. The complainant describes himself as heir at law and next of kin. As next of kin he does not necessarily have an interest in the estate and so long as a will stands probated and unappealed from there is no heir at law. Under our system a will admitted to probate may be impeached only by appeal from the register of wills. The rights of the parties are fixed by the will. The only persons therefore who may appear to question the bona fides of the deed are those who are entitled to the real estate under the will and the plaintiff nowhere asserts any interest in him in the real estate under the will.

Demurrer is sustained.

*Error assigned* was in sustaining demurrer and dismissing bill.

*John W. Parks*, for appellant, cited: Wagner v. Fehr, 211

Pa. 435; Marie v. Garrison, 83 N. Y. 14; Thomas v. Thomas, 9 N. Y. App. Div. 487 (41 N. Y. Supp. 276).

*Thomas O. Haydock, Jr.,* for appellee.—The probate of a will cannot be collaterally impeached: Cochran v. Young, 104 Pa. 333; Loy v. Kennedy, 1 W. & S. 396; Wilson v. Gaston, 92 Pa. 207; Stout v. Young, 217 Pa. 427; Stobert v. Smith, 189 Pa. 240; Young v. Fager, 200 Pa. 329; Wettach v. Horn, 201 Pa. 201.

PER CURIAM, February 27, 1911:
The decree is affirmed for the reasons stated in the opinion of Judge FERGUSON.