**PARRISH v. PARRISH et al.**    (No. 11332.)

(Court of Civil Appeals of Texas.    Fort Worth.   Jan. 2, 1926.)

**1. Appeal and error ⬦⟹551.**

Bill of exception cannot supply statement of facts, however full its recital of facts may be.

**2. Appeal and error ⬦⟹907(3).**

In absence of statement of facts, every reasonable presumption will be indulged consistent with pleadings to support judgment.

**3. Appeal and error ⬦⟹544(1).**

In absence of statement of facts, exceptions to court's charge will not be considered.

**4. Descent and distribution ⬦⟹90(4)—Son having no present interest in property transferred not entitled to cancellation of deed and gift by mother to brothers.**

Petition of son as heir whose mother was living to cancel deed and gift by which mother gave land and money to brothers *held* to state no cause of action; no present interest in property being alleged.

**5. Evidence ⬦⟹54.**

A presumption of fact cannot rest upon a fact presumed.

**6. Descent and distribution ⬦⟹68.**

No one can be recognized as heir until death of ancestor or person from whom descent may be cast.

**7. Descent and distribution ⬦⟹69—Son could not prevent mother from conveying to brothers land acquired by father through plaintiff's efforts, where he had not attacked father's will.**

Allegation, in son's petition to cancel deed of mother, who was living, to brothers, that one-half interest in such land was devised to mother by father who had acquired it largely through plaintiff's services after he reached his majority, *held* to state no cause of action, where no attack was made on father's duly probated will.

Appeal from District Court, Archer County; H. R. Wilson, Judge.

Suit by H. I. Parrish against George Parrish and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Taylor, Muse & Taylor and J. L. Lackey, all of Wichita Falls, for appellant.

W. B. Hamilton, of Dallas, and G. R. Pate, of Wichita Falls, for appellees.

DUNKLIN, J. H. I. Parrish instituted this suit to cancel a deed of conveyance of two tracts of land, one containing 640 acres and the other 320 acres, situated in Archer county, Tex., made by his mother, Mrs. Nancy J. Parrish, to three of her sons, to wit, George, Alvin, and Reuben Parrish. Plaintiff alleged that large sums of money had been collected by the grantees in said deed from oil rentals upon said land, and that Mrs. Nancy J. Parrish had loaned $28,790 and had made the note payable to her said sons. In addition to a prayer for a cancellation of said conveyance, plaintiff sought a recovery of an undivided one-eleventh interest in the amounts so received by said sons from such rentals and as payees of said promissory note.

The three grantees in the deed of conveyance, together with Reece F. Carter, I. G. Balyeat, John F. O'Donohoe, and the Sunshine State & Refining Company, a corporation, were all made parties defendants; they being sued as holders of oil leases upon said lands executed by Mrs. Nancy J. Parrish and her three sons, George, Alvin, and Reuben Parrish. The plaintiff has prosecuted this appeal from a judgment rendered against him in favor of all the defendants upon an instructed verdict.

Mrs. Nancy J. Parrish is still living. She was not made a party to the suit, nor was the suit instituted in her behalf, but solely in the interest of the plaintiff. According to allegations in plaintiff's petition, he is the son and heir of Mrs. Nancy J. Parrish, and as such is entitled to an undivided one-eleventh interest in said land, money, and notes. The ground upon which the suit was based consisted of allegations in plaintiff's petition to the effect that plaintiff's mother was unduly influenced by George, Alvin, and Reuben Parrish, her sons, to convey the property in controversy to them, and also to have the promissory note described in plaintiff's petition executed in their favor, all without any consideration therefor, and for the purpose of defrauding plaintiff of his interest therein; that at the time of the filing of the suit Mrs. Nancy J. Parrish was 70 years old; that she resided with George, Alvin, and Reuben Parrish at the time the deed was executed; and that she was overreached and unduly persuaded by them in all said transactions.

It was further alleged in the petition that the lands in controversy had belonged to the community estate of Mrs. Nancy J. Parrish and her deceased husband, J. E. Parrish, who was plaintiff's father, and that the father had devised the same to Mrs. Nancy J. Parrish by his last will and testament, which had been duly probated. It was further alleged that plaintiff had resided with his parents until he had reached the age of 33 years, during which time he had worked upon the farm with his father and helped to pay for all of said property.

The defendants filed a general demurrer and several special exceptions to the petition, and also filed a general denial and a special answer, setting up the purported will of J. E. Parrish and the order of the court probating the same, for the purpose of showing an absolute and unconditional devise of

---

the fee-simple title to the land in controversy in Mrs. Nancy J. Parrish.

No statement of facts has been brought up to this court, but in lieu thereof appellant relies upon the recitation in two bills of exception approved by the trial judge to show that certain facts were proven upon the trial which rendered the peremptory instruction improper. In the first bill of exception, it was recited that:

The court "believed that the evidence was sufficient on the question of undue influence to submit that issue to the jury, but for the fact that he did not believe that the plaintiffs had such interest in the subject-matter involved in this suit that would authorize him to maintain this suit, and that he was directing said verdict and instructing the jury to find for the defendants upon the sole ground that the plaintiffs did not have such interest in the subject-matter of this suit as would authorize him, as a matter of law, to maintain this said cause."

[1-3] It is a well-recognized general rule that a bill of exception cannot supply a statement of facts, however full its recital of facts may be. Rountree v. City of Galveston, 42 Tex. 612; Cates v. McClure, 66 S. W. 224, 27 Tex. Civ. App. 459; Dull v. Drake, 48 S. W. 364, 68 Tex. 205. It is also a familiar rule that, in the absence of a statement of facts, every reasonable presumption will be indulged consistent with the pleadings to support the judgment, and in such cases exceptions to the court's charge will not be considered. Lewis v. Black, 16 Tex. 652; Watson v. Birdwell (Tex. Civ. App.) 98 S. W. 407; Royal Ins. Co. v. Texas & G. Ry. Co., 115 S. W. 117, 123, 53 Tex. Civ. App. 154; Williams v. Robertson, 15 S. W. 887, 52 Tex. Civ. App. 599; Elliott v. Waites & Wilkie (Tex. Civ. App.) 124 S. W. 992; Wertheimer v. Hargreaves Printing Co. (Tex. Civ. App.) 180 S. W. 282; H. & T. C. Ry. Co. v. Hughston (Tex. Civ. App.) 165 S. W. 42; I. & G. N. Ry. Co. v. Hood, 118 S. W. 1119, 55 Tex. Civ. App. 334.

[4] However, even though we should give effect to the statement contained in the bill of exception referred to above, that the evidence introduced upon the trial was sufficient to require the submission of the issue presented by plaintiff's petition of undue influence brought to bear upon Mrs. Nancy J. Parrish and her three sons, there would still be a lack of showing in any manner or form that any of the other allegations contained in plaintiff's petition essential to his recovery were sustained by proof. Moreover, our conclusion is that plaintiff's petition was insufficient as against a general demurrer, in that when construed most liberally in his favor it fails to show that he has any such interest in the property in controversy as would entitle him to maintain the suit. He alleges in his petition that he is an heir at law of Mrs. Nancy J. Parrish and is therefore entitled to an undivided one-eleventh interest in the land in controversy and the rentals collected therefrom, yet he further alleges that his mother is still living. It is elementary that there can be no heir to the living. See Blackstone Commentaries, p. 208; 2 Bouvier's Law Dictionary (Rawles' 3d Revision) p. 1432; 9 Corpus Juris, 1223. While plaintiff is a prospective heir to his mother, Mrs. Nancy J. Parrish, still, whether or not he will inherit any part of the property in controversy if the conveyances complained of are set aside depends upon certain contingencies, any one or more of which may never happen. In order to maintain his suit it must appear that he has a present interest in the property, and that in order to protect that interest it is necessary to procure a cancellation of the deed of conveyance to the land and the gift of funds alleged. In order to conclude that he has such interest it would be necessary to presume, first, that if the conveyances complained of are canceled the property affected thereby will be owned by his mother at the date of her death; second, that plaintiff will survive his mother; and, third, that the interest in that property for which he sues will not be devised or bequeathed by his mother to persons other than himself. That would be to build one presumption upon another, contrary to well-established legal principles.

[5] In Fort Worth Belt Ry. Co. v. Jones, 166 S. W. 1130, 106 Tex. 345, the following was said:

"A presumption of fact cannot rest upon a fact presumed. The fact relied upon to support the presumption must be proved. 'No inference of fact should be drawn from premises which are uncertain. Facts upon which an inference may legitimately rest must be established by direct evidence as if they were the facts in issue; one presumption cannot be based upon another presumption.' 16 Cyc. 1051; Missouri Pac. Ry. Co. v. Porter, 73 Tex. 307, 11 S. W. 324."

See, also, G., C. & S. F. Ry. Co. v. Davis (Tex. Civ. App.) 161 S. W. 932; St. Louis, S. F. & T. Ry. Co. v. West (Tex. Civ. App.) 174 S. W. 287; Medlin Milling Co. v. Mims (Tex. Civ. App.) 173 S. W. 968.

[6] The following is copied from the syllabus of the opinion rendered in Sellman v. Sellman, by the Supreme Court of Maryland, reported in 63 Md. 520:

"The children and grandchildren of a living ancestor cannot claim a right or maintain a suit in respect to the property of that ancestor, while their interest in such property is merely in expectancy, depending upon a future inheritance that by possibility may never occur.

"The principle is, both at law and in equity, that no one is entitled to be recognized as heir until the death of the ancestor or person from whom the descent may be cast; and the fact that such ancestor or other person may be alleged and admitted to be non compos mentis or otherwise incapable of managing his estate, makes no exception to the general principle."

To the same effect was the holding by the Supreme Court of Pennsylvania in Green v. Sumby, 79 A. 712, 230 Pa. 500, and also the opinion of the Court of Appeals of Kentucky in Hensley v. Hensley, 30 S. W. 613.

[7] It is unimportant that one-half interest in the property was devised to Mrs. Nancy J. Parrish by the husband, J. E. Parrish, who was appellant's father, and that the land in controversy was acquired by his father largely through services performed by appellant on his father's farm after appellant reached his majority, as alleged in his petition, since no attack has been made on the will which has been duly probated. Nor was the asserted cause of action alleged in appellant's petition aided by the instrument set out in the court's second bill of exception and certified to as having been introduced in evidence upon the trial, which was executed by the three sons of Mrs. Nancy J. Parrish, defendants in the suit, and purporting to reconvey to their mother the land in controversy in consideration of her interest in the promissory note described in appellant's petition, since his petition failed to show any vested interest in either the land or note.

Accordingly, the judgment of the trial court is affirmed.