## Nagle's Estate.

*Orphans' Court—Jurisdiction—Postnuptial agreement—Practice—Declaratory judgment—Necessity for real dispute—Act of 1923.*

1. The Orphans' Court has no jurisdiction to determine the validity of a postnuptial agreement between decedent and his wife, where the agreement is in no way involved in the distribution of the estate or other matter over which the court has jurisdiction.

2. The proper procedure for setting aside a written instrument on the ground of fraud is in equity, and that jurisdiction is usually exclusive.

3. A declaratory judgment must always deal with a real dispute over real facts and not matters which are speculative, future, contingent or uncertain, and an advisory opinion is not authorized by the Act of June 18, 1923, P. L. 840.

Petition for declaratory judgment. O. C. Erie Co., Feb. T., 1926, No. 180.

Charles A. Mertens, for petitioner; J. M. Sherwin, for respondents.

HIRT, J., specially presiding—This case is before the court on petition of Ellen R. Nagle for a declaratory judgment under the Act of June 18, 1923, P. L. 840. She is the widow of Theodore M. Nagle, who died testate on Aug. 27, 1925. Prior to her marriage, an antenuptial agreement was entered into with decedent, the terms of which agreement do not appear. After marriage, on April 6, 1905, an agreement was reduced to writing, under which decedent paid Ellen R. Nagle $25,000 in cash and deposited in trust companies for the purpose sufficient to provide an annuity of $3600 to be paid to Ellen R. Nagle during her life, after his death. She was also given the life-use of a dwelling-house at No. 343 West Tenth Street, in the City of Erie, together with certain furnishings. The agreement contains a general release by each of the estate of the other.

Notwithstanding the postnuptial agreement containing the release of Ellen R. Nagle, Theodore M. Nagle, by his last will, made additional provisions for his wife. His residuary estate, after the payment of debts and specific legacies, was made the subject of a trust, and one-third of the income earned thereon was directed to be paid Ellen R. Nagle during her lifetime. In addition, the use of a dwelling-house, with the appurtenances, in Harborcreek Township, was given her, and the trustees were directed to make other suitable provisions for a residence for petitioner at her option. The will directs that all provisions of the will relating to bequests to Ellen R. Nagle are to become operative only in the event "that my wife, Ellen R. Nagle, accepts all the provisions of this will and makes no effort to contest it."

The petition alleges that the postnuptial agreement was procured by a misrepresentation of the value of decedent's property and of the amount of his income, and a resulting fraud is charged, and she contends that the agreement is, therefore, void and asks for a declaration of this fact and for a further declaration of her right to take against the will.

Defendants' answer is in the nature of a demurrer. These objections go not only to formal defects of the petition, but also to petitioner's right to a declaration under the act of assembly. Where a petition is insufficient, it may be attacked by demurrer (Blakeslee *v*. Wilson, 213 Pa. 495) or by motion to strike off or other appropriate procedure: Tanner *v*. Boynton, 129 Atl. Repr. 617.

The petition was served upon Bailey B. Nagle, Douglas Nagle and Lawrence Nagle, and at the time of the argument they only were in court as respondents. Since then, a motion has been made to amend the return of service to show the service on these three individuals as executors and trustees under the will. We believe that service may be amended to conform with the facts, but this amendment does not wholly meet the objection of the answer as to necessary parties. A declaratory judgment makes the issue at stake *res adjudicata* (Kariher's Petition, 284 Pa. 455), and, therefore, not only are specific pleadings necessary in order that the record may disclose what has been adjudicated, but proper parties are essential as well. Here, not only are decedent's executors and trustees necessary parties, but also all legatees and remaindermen, for if petitioner is successful in setting aside the postnuptial agreement and takes against the will, the interests of some of them will be, and of others may be, affected. All persons who have or claim any interest which will be affected by the declaration must be made parties: Ezzell *v*. Exall (Ky.), 269 S. W. Repr. 752; Green *v*. Sumby, 230 Pa. 500. A party having an interest under a will is a necessary and proper party to an action to construe the will: Citizens B. & T. Co. *v*. Dustowe, 125 S. E. Repr. 546. This petition involves not only a construction of the will, but the setting aside of a postnuptial agreement which may affect the *quantum* of the estate for distribution. In a proceeding for a declaration, it is as necessary that all parties be joined, either as petitioners or respondents, as in equity.

The petition, in our opinion, also is defective in that, while it attempts to have it declared that the postnuptial agreement was induced by fraud, fraud is not sufficiently alleged. A general allegation of fraud will not avail; the facts on which a charge is founded must be clearly and specifically stated. It is not enough that they are inferentially set up: Marr's Appeal, 78 Pa. 66. These objections to lack of necessary parties and to the sufficiency of the allegations of fraud must be sustained; but, inasmuch as they may be removed by amendment and by service upon the remaining parties in interest, they are not matters which seriously stand in plaintiff's way of the declaration sought for, and there remains for consideration whether, aside from defects which may be cured, plaintiff is entitled to the declaration.

We may pass the question of laches alleged as one ground for demurrer, for it is possible that the extent of the property and income of decedent and that misrepresentations were made at the time of the postnuptial agreement in 1905 might not have appeared until the time of his death twenty years later, when, by administration, his estate is disclosed. There may be sufficient excuse for the delay in moving to set aside the agreement, and the failure to move may or may not operate as a bar, depending upon the testimony developed.

Petitioner asks for declarations on two subjects, viz.: (1) the validity of the postnuptial agreement; and (2) her status if she elects to take against the will. To set aside the nuptial agreement by declaratory judgment which will operate as *res adjudicata* in reality is the single purpose of this proceeding. This accomplished, she needs no declaration as to her right to take against the will, for the release in her agreement alone stands in the way of

Nagle's Estate.

taking the share in the estate given a widow by statute in lieu of the provision made for her by the will.

Has the Orphans' Court jurisdiction to set aside a postnuptial agreement under the circumstances presented by the petition?

The act of assembly gives power to courts of record to declare rights, status and other legal relations, but only within their respective jurisdictions. The Orphans' Court is a tribunal of limited jurisdiction, a special tribunal for specific cases. Though proceedings in the Orphans' Court are modeled after those in a court of equity, and it has been said "it is possessed of chancery powers and can proceed according to chancery practice . . . in the administration of its appropriate duties," it has no general equity jurisdiction (see opinion of Mr. Justice Schaffer in Cutter's Estate [286 Pa. 505], and cases cited therein). The jurisdiction of this court is special and derived entirely from statute, though it has undoubtedly all the powers necessary to make its jurisdiction effective, and in the exercise of those powers applies the rules and principles of equity: Ake and Feay's Appeal, 74 Pa. 116; Power v. Grogan, 232 Pa. 387. Within the scope of its jurisdiction, the Orphans' Court is a court of equity: Mallory's Estate, 285 Pa. 186.

The Orphans' Court has jurisdiction to adjudicate the validity of an agreement or of a release (Kline v. Kline, 57 Pa. 120; Kline's Estate, 64 Pa. 122; Bierer's Appeal, 92 Pa. 265; Neeley's Appeal, 124 Pa. 406; Smith's Appeal, 115 Pa. 319); but only in cases such as those above cited, where such decrees are necessary in the exercise of its appropriate duties. This court can adjudicate the validity of an agreement or release only where the powers conferred upon it cannot be exercised fully without such adjudication, and the adjudication is incident and essential to the performance of an appropriate duty of the Orphans' Court: Horner and Roberts v. Hasbrouck, 41 Pa. 169 (180). In this case, the question of the validity of the nuptial agreement is not now involved in distribution of the estate or other subject over which the Orphans' Court has jurisdiction, and stands alone, for petitioner has not elected to take against the will. Therefore, in our opinion, the Orphans' Court does not have jurisdiction to determine the validity of the nuptial contract. The proper procedure for setting aside a written instrument on the ground of fraud is in equity, and that jurisdiction is usually exclusive: 9 Corpus Juris, 1160.

Petitioner's request for a declaration of her right to take against the will, in reality, is a request for an advisory opinion, for she has not and may never elect to take against the will. Such request cannot be considered; a declaratory judgment must always deal with a real dispute over real facts. An advisory opinion is merely a giving of advice; it is not binding: Kariher's Petition, 284 Pa. 455. The court cannot determine rights of parties on a state of facts which has not yet arisen or on matters which are speculative, future, contingent or uncertain: Gooding's Will, 208 N. Y. Supp. 793 (construing an act similar in intent); Norton v. Moren, 267 S. W. Repr. (Ky.) 171; Tanner v. Boynton, 129 Atl. Repr. (N. J.) 617; Yates v. Beasley, 97 So. Repr. (Miss.) 676; Kelly v. Jackson, 268 S. W. Repr. (Ky.) 539.

The two requests, taken together, are open to the further objection that they are experimental in purpose. It, we believe, was not the intention of the legislature in this act of assembly to provide a field for such experimental litigation: List's Estate, 283 Pa. 255.

And now, to wit, July 15, 1926, the request for declarations is refused, the petition is dismissed at petitioner's costs, but without prejudice.

From Otto Herbst, Erie, Pa.