TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00219-CV






W. Ray Guy and Terri Guy, Appellants



v.



David Cersonsky and Dora Cersonsky, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. 97-01934, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





 Appellees David and Dora Cersonsky sued appellants W. Ray and Terri Guy,
seeking injunctive relief, exemplary damages, and damages for nuisance and intentional infliction
of emotional distress. (1) A jury found in favor of the Cersonskys on each cause of action, awarding
David Cersonsky $50,000 in lost wages, $75,000 in mental-anguish damages, and $1000 in
exemplary damages, and Dora Cersonsky $75,000 in mental-anguish damages and $1000 in
exemplary damages. (2) The district court rendered judgment consistent with the jury's award. (3) On
appeal, the Guys argue that the evidence is legally and factually insufficient to support the jury's
findings of intentional infliction of emotional distress, lost wages, mental-anguish damages, and
exemplary damages. Additionally, the Guys argue that the judgment is defective because
prejudgment interest was calculated incorrectly. We will reverse and remand the issue concerning
prejudgment interest and otherwise affirm the district court's judgment.


BACKGROUND

 The Guys and the Cersonskys live on adjoining property. The only access to the
Cersonsky property is across a private easement on the Guy property. The first disagreement
between the neighbors occurred in the spring of 1996, about a year after the Cersonskys moved
to their property. The Cersonskys sought to build a gate where the access easement reaches their
property. The Guys objected, arguing that when the gate was closed vehicles destined for the
Cersonsky property would be forced to turn around on the Guy property. When David Cersonsky
began constructing the gate, the Guys approached him and again voiced their objections. David
testified that Ray Guy challenged him to a fight and threatened to sue him if he pursued his plan
to construct the gate. The Cersonskys nevertheless installed the gate. In October, there were
encounters between Dora Cersonsky and Ray concerning the gate. At one of the encounters, Ray
threatened legal action if the gate was not removed. Dora testified that she found these
confrontations to be frightening and upsetting. The Cersonskys' trash pick-up was terminated and
mail service and UPS deliveries were interrupted due to the Guys' complaints about vehicles on
their property.

 The Guys installed halogen lights on their house, directing them so that they would
shine into the windows of the Cersonskys' home, and began playing loud music directed toward
the Cersonskys' property. The Cersonskys sought assistance from their homeowners' association
and the sheriff's department and had their attorney send a letter to the Guys demanding that the
Guys cease their activities. The Guys' behavior remained unchanged. In November, the
Cersonskys built shields on their property in an attempt to block the lights. The Guys responded
by using portable lights to bypass the shields. The activities with the lights and music continued
until February 1997, when the Cersonskys sued the Guys.


DISCUSSION

Intentional Infliction of Emotional Distress

 By their first issue, the Guys argue that the jury's findings of intentional infliction
of emotional distress are legally and factually insufficient because their behavior did not rise to
the level of outrageousness required by Twyman v. Twyman, 855 S.W.2d 619, 620 (Tex. 1993). 
Twyman held that "liability for outrageous conduct should be found 'only if the conduct has been
so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of
decency, and to be regarded as atrocious, and utterly intolerable, in a civilized community.'" 855
S.W.2d at 620 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

 The jury found in favor of the Cersonskys on both their claims of intentional
infliction of emotional distress and nuisance. The judgment does not specify upon which theory
of recovery it is based. The Guys do not assign error to the nuisance finding. When a judgment
may rest upon more than one ground, the party aggrieved by the judgment must assign error to
each ground or the judgment will be affirmed on the ground to which no complaint is made. See
Johnson v. Coggeshall, 578 S.W.2d 556, 560 (Tex. Civ. App.--Austin 1979, no writ). In such
situations, the appellant's right to complain of the ruling to which no error was assigned is
waived. See id. Because the Guys do not complain on appeal about all possible bases for the
judgment, the district court's determination of liability is affirmed. We overrule the Guys' first
issue. See Tex. R. App. P. 47.1.


Lost Wages

 By their second issue, the Guys argue the evidence is legally and factually
insufficient to support the jury finding of $50,000 in lost wages to David Cersonsky. When
presented with a no-evidence or legal-sufficiency challenge, we consider all evidence in the light
most favorable to the prevailing party, indulging every reasonable inference in that party's favor. 
See Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998);
Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994). We will uphold the finding
if more than a scintilla of evidence supports it. See Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995). In reviewing a factual-sufficiency challenge, we must consider and
weigh all the evidence and should set aside the judgment only if the evidence is so weak or so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. See Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). 
We cannot substitute our judgment for that of the trier of fact merely because we would reach a
different fact conclusion. See WesTech Eng'g, Inc. v. Clearwater Constructors, Inc., 835 S.W.2d
190, 196 (Tex. App.--Austin 1992, no writ).

 Compensation for the loss of earnings resulting from a personal injury is to be
measured by the amount of money that the injured person might reasonably have earned in the
same time by the pursuit of his ordinary occupation or by the amount he commonly earned. See
Tucker v. Lightfoot, 653 S.W.2d 587, 591 (Tex. App.--San Antonio 1983, no writ). (4) Proof of loss
of earnings requires evidence of the plaintiff's actual earnings prior to his injury and his earnings
or possible earnings after it. See City of Rosenberg v. Renken, 616 S.W.2d 292, 294 (Tex. Civ.
App.--Houston [14th Dist.] 1981, no writ).


[L]oss of earnings is much like other elements of damages, such as impairment of
capacity to earn money. Value of loss of earnings can sometimes be established
with some degree of exactness and sometimes proof cannot be made. The law only
exacts the kind of proof of which the fact to be proved is susceptible, but it does
exact that. However, if the jury is not so informed as to permit them to allow for
the full extent of such loss they can allow for the part of which they are sufficiently
informed.



Tucker, 653 S.W.2d at 593. 

 David Cersonsky sought lost earnings for the weeks from October 11, 1996 to the
first week of April 1997. He testified that he designs microchips. He works for a company that
contracts his services to high-tech businesses and receives $65 an hour for his services. Although
his work fluctuates depending on the number and nature of projects he is assigned, he testified that
on average he works 55 hours per week. He introduced time sheets that showed the number of
hours per week he worked from January 1996 through April 1997. To establish the amount of
hours that he lost as a result of the Guys' behavior, David subtracted the number of hours he
worked each week in October 1996 through the first week of April 1997 from his average 55-hour
workweek. He then totaled these hours and multiplied them by his hourly rate of $65 an hour. 
Further, David testified that there was a lull in the hours he worked after April 1997, but he
eventually returned to working an average of 55 hours per week.

 David's testimony indicates that he was able to work before and after the Guys'
behavior affected his work schedule. Further, the jury was sufficiently informed of the amount
of wages that he lost in the time period at issue. We hold that the evidence was legally and
factually sufficient to justify the amount awarded by the jury. The Guys' second issue is
overruled.


Mental-Anguish Damages

 The jury awarded David and Dora Cersonsky $75,000 each in mental-anguish
damages. By their third and fourth issues, the Guys argue that there was no evidence or
insufficient evidence to support these damages. We will apply the standards for legal and factual
sufficiency set forth above.

 "[A]n award of mental anguish damages will survive a legal sufficiency challenge
when the plaintiffs have introduced direct evidence of the nature, duration, and severity of their
mental anguish, thus establishing that there was a substantial disruption in [their] daily routine."
Parkway Co. v. Woodruff, 901 S.W.2d 434, 444 (Tex. 1995). In the absence of such direct
evidence, we apply traditional no-evidence standards to determine whether the record reveals any
evidence of "a high degree of mental pain and distress" that is "more than mere worry, anxiety,
vexation, embarrassment, or anger" to support any award of damages. Id. (citing J.B. Custom
Design & Bldg. v. Clawson, 794 S.W.2d 38, 43 (Tex. App.--Houston [1st Dist.] 1990, no writ)). 
Direct evidence may be in the form of the parties' own testimony, that of third parties, or that of
experts. See id. Some types of disturbing or shocking injuries, such as a threat to one's physical
safety, or death or serious injury to a family member, have been found sufficient to support an
inference that the injury was accompanied by mental anguish. See id. There must also be
evidence to justify the amount awarded. See Saenz v. Fidelity & Guar. Ins. Underwriters, 925
S.W.2d 607, 614 (Tex. 1996). Although the impossibility of any exact valuation of mental
anguish requires that juries be given a measure of discretion in finding damages, that discretion
is limited. See id. Juries cannot "simply pick a number and put it in the blank." Id. They must
find an amount that "would fairly and reasonably compensate" for the loss. Id.

 Dora Cersonsky testified at length regarding the mental anguish she endured as a
result of the Guys' behavior. She stated that she lost sleep and was upset as a result of the lights
that shone into her home. She also testified that after confrontations with Ray Guy she was
"walking on egg shells," "afraid to do anything," "terrified," and "scared to death." She
suffered from nausea, illness, and weight loss. She compared the experience to the fear that she
felt after being burglarized and said that her relationships with her husband and children had suffered.

 David Cersonsky presented similar testimony regarding his mental anguish. He
also testified to the negative effect that the Guys' behavior had on his personal relationships. He
said that he feared angering Ray Guy and being sued. The lights shone into his home made him
feel as though he was "under siege in [his] home." He compared the stress induced by the Guys'
behavior to that he endured after being in a terrible car accident. He testified to being depressed
and under "extreme emotional distress" from October 1996 to February 1997.

 We hold that both David and Dora Cersonsky presented legally and factually
sufficient evidence of compensable mental anguish.

 The Cersonskys, however, must also have presented evidence to justify the amount
awarded. See Saenz, 925 S.W.2d at 614. In Saenz, the supreme court held that there must be
evidence that the amount of damages awarded by the jury for mental anguish was fair and
reasonable but acknowledged that such determination is often difficult:


There must be evidence that the amount found is fair and reasonable compensation,
just as there must be evidence to support any other jury finding. Reasonable
compensation is no easier to determine than reasonable behavior--often it may be
harder--but the law requires factfinders to determine both. And the law requires
appellate courts to conduct a meaningful evidentiary review of those
determinations.



Id. The jury awarded David and Dora $75,000 each for mental anguish. The Guys argue that
our decision in Casteel v. Crown Life Ins. Co., 3 S.W.3d 582 (Tex. App.--Austin 1997), rev'd on
other grounds, 43 Tex. Sup. Ct. J. 348 (Tex. 2000), requires that the Cersonskys present evidence
as to the value of their mental-anguish damages. In Casteel, this Court held that the evidence
supported a finding that Casteel "suffered from past mental anguish." 3 S.W.3d at 593. We
concluded, however, that "nothing in the record shows that the award of $6,000,000 is fair and
reasonable compensation for that anguish." Id. (citing Saenz, 925 S.W.2d at 614). Casteel does
not hold that to recover mental-anguish damages, a plaintiff must present direct evidence of the
value of mental anguish. Casteel does no more than adhere to the Saenz holding that there must
be evidence to justify the amount awarded and that the amount must be fair and reasonable. See
id.

 Dora Cersonsky first testified that she had assigned $150,000 to her "emotional
distress." She stated that her distress was not something she could put a mathematical formula
to and could not tell the jury how much every minute was worth. In response to a question
concerning what influenced her in arriving at the amount of these damages, she testified:


Probably the fact that it was something we had to think about every day. When we
woke up in the morning, we didn't know what the day was going to hold. The fact
that the lights were on and later when they were shielded, just knowing that they
. . . were on us and that these people had turned them on us on purpose, that . . .
it wasn't an accident, that they were doing this intentionally.


And basically, you know, being nauseated, because I was sick to my stomach over
the whole situation and not being able to eat. And . . . the time it took away from
my family. I wasn't there a hundred percent for them. . . . I'm an at-home mom
and my job is to raise my children and take care of my family, and I feel like this
infringed on that. I couldn't do it. . . . I wasn't the person that I normally was
during this time period.



She further stated that she did not feel that the amount of money she was requesting was beyond
what she had suffered.

 On cross-examination, she testified that the $150,000 was the amount she attributed
to both her and her husband's emotional distress, or $75,000 for each of them. David Cersonsky
testified that this was a fair division but the amount was difficult to determine:


It's not an easy thing to calculate. Both my wife's opinion and mine beginning
with, you know, how do you do this. . . . [I]t's not something that's easy to do. 
And we both felt as though we wouldn't do it again for anything in this world, but
we had to put a limit on it. And we came up with what we felt was a reasonable
amount of $150,000 for both of us.



 Recognizing that reasonable compensation is not easy to determine, we believe that
the jury was not simply left to pick a number and put it in the blank. See Saenz, 925 S.W.2d at
614. We hold that there is more than a scintilla of evidence that the amount the jury awarded the
Cersonskys for mental anguish was fair and reasonable and that such evidence is not so weak as
to render the judgment clearly wrong or unjust. See Crye, 907 S.W.2d at 499; Cain, 709 S.W.2d
at 176.

 Finally, the Guys argue that the phrase "non-economic damages" as used in the
Cersonskys' pleadings did not provide fair notice that the Cersonskys were seeking mental-anguish
damages. Before trial, the Guys specially excepted to the Cersonskys' original petition on the
grounds that the relief sought failed to put the Guys on fair notice of what needed to be defended
against at trial. In amended petitions following these special exceptions, the Cersonskys more
specifically stated the amounts sought as "economic" and "non-economic" damages. The Guys
made no special exception to the amended petitions. The Guys did not object to the evidence
introduced at trial concerning the extent of mental-anguish damages; the question the district court
submitted to the jury inquiring what, if any, monetary amount would reasonably compensate each
Cersonsky for "physical pain and mental anguish"; or the definition of "mental anguish" the court
provided the jury. Having failed to except to the lack of pleadings at any point during trial, the
Guys have waived any error. See Murray v. O & A Express, Inc., 630 S.W.2d 633, 637 (Tex.
1982). Because the Guys tried the issue of mental-anguish damages by consent, we do not
determine whether the pleadings provided the Guys sufficient notice of the type of damages
sought. The Guys' third and fourth issues are overruled.


Prejudgment Interest

 By their fifth issue, the Guys argue that the judgment entered by the court was
erroneous because it computes prejudgment interest as to Dora's claims at 10% interest 
compounded annually. Johnson & Higgins, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 532
(Tex. 1998), holds that equitable prejudgment interest shall be computed as simple interest. The
Cersonskys concede that simple interest rather than compound interest is the appropriate measure. 
We sustain the Guys' fifth issue, reverse the district-court judgment to the extent that it awards
$13,947.01 in prejudgment interest to Dora Cersonsky, (5) and remand this matter to the district
court to recalculate prejudgment interest on that portion of the judgment in a manner consistent
with Johnson & Higgins. See 962 S.W.2d at 532.


Exemplary Damages

 By their sixth issue, the Guys argue that the exemplary damages awarded to David
and Dora Cersonsky cannot be upheld because "there is no evidence and/or insufficient evidence
in the record to show that the Guys committed any distinct willful tort." Exemplary damages may
be recovered in an action for nuisance. See Bisso v. Southworth, 10 S.W. 523, 524 (Tex. 1888). 
Further, the Guys did not object to the district court's submitting the question of exemplary
damages to the jury, did not assert the issue in their motion for judgment notwithstanding the
verdict, and did not raise it in their motion for new trial. See Tex. R. App. P. 33.1(a)(1)
(complaint must be made to trial court as prerequisite to raising issue on appeal). The Guys' sixth
issue is not preserved for appeal.


CONCLUSION

 We reverse that portion of the district-court judgment that awards Dora Cersonsky
prejudgment interest compounded annually and remand it to the district court for entry of a new
judgment awarding Dora simple prejudgment interest. In all other respects, we affirm the district
court's judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed: May 11, 2000

Do Not Publish

1.   The Cersonskys also sued Guycommunications Company, Inc. ("Guycom") alleging, inter
alia, that Guycom and the Guys conspired against them and were thus jointly and severally liable. 
Before trial, Guycom and the Cersonskys settled their disputes and Guycom was dismissed from
the suit.
2.   The jury awarded David and Dora Cersonsky exemplary damages in the amount of $500
each against Ray Guy and $500 each against Terri Guy.
3.   The district court also granted a permanent injunction against the Guys that is not at issue
in this appeal.
4.   In arguing this issue, both parties rely on cases that discuss the applicable standards in
evaluating a finding of lost profits. See, e.g., Holt Atherton Indus. v. Heine, 835 S.W.2d 80
(Tex. 1992); First S. Trust Co. v. Szczepanik, 880 S.W.2d 10 (Tex. App.--Dallas 1993), rev'd,
883 S.W.2d 648 (Tex. 1994). Although David's work possessed characteristics similar to that
of self-employment, decisions evaluating findings of lost wages are more appropriate for this case. 
David worked for a company that would contract his services to businesses. He testified that he
considered himself an "actual employee" of the company and he turned in time sheets to the
company. Further, in Tucker v. Lightfoot, the court of appeals applied principles of lost wages
to a plaintiff who was the "sole employee of his own business." See 653 S.W.2d 587, 591 (Tex.
App.--San Antonio 1983, no writ).
5.   The district-court judgment also awards David Cersonsky compounded prejudgment
interest; however, the Guys appeal only Dora's award.


 Having failed to except to the lack of pleadings at any point during trial, the
Guys have waived any error. See Murray v. O & A Express, Inc., 630 S.W.2d 633, 637 (Tex.
1982). Because the Guys tried the issue of mental-anguish damages by consent, we do not
determine whether the pleadings provided the Guys sufficient notice of the type of damages
sought. The Guys' third and fourth issues are overruled.