IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2007

Charles R. Fulbruge III
Clerk

No. 07-50462
Summary Calendar

B.J. HALL

Plaintiff-Appellant

V.

WHITE, GETGEY, MEYER COMPANY LPA

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:97-CV-320

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

B.J. Hall contests the district court's calculation of prejudgment interest awarded against White, Getgey, Meyer Company, LPA (White Getgey). Hall maintains it was error for the district court to award prejudgment interest only until 19 November 2003, the date on which the principal judgment was paid,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notwithstanding this court's mandate for the interest to run from 10 February 1997 until entry of the judgment following remand of our order.

In 1997, Hall filed a legal malpractice action against White Getgey. Damages were assessed against White Getgey in the amount of $405,000. Both parties appealed; and, on 10 October 2003, this court modified Hall's damage award to $595,000. Hall v. White, Getgey, Meyer & Co., LPA, 347 F.3d 576 (5th Cir. 2003). Accordingly, White Getgey tendered payment in that amount on 19 November 2003.

Hall again appealed, asking this court to recall and reform its mandate to include prejudgment and postjudgment interest. On 20 September 2006, this court agreed with Hall and, inter alia, ordered prejudgment interest recoverable "from February 10, 1997 until entry of judgment following the remand that we order today". Hall v. White, Getgey, Meyer Co., LPA, 465 F.3d 587, 595 (5th Cir. 2006).

Upon remand, the district court entered a 6 April 2007 judgment reflecting this court's amended mandate. Recognizing White Getgey's $595,000 payment (the principal amount of the judgment) on 19 November 2003, however, the district court's third amended judgment awarded prejudgment interest only from 10 February 1997 until 19 November 2003. Although inconsistent with the 20 September 2006 opinion regarding the dates for which prejudgment interest was to be awarded, the district court recognized prejudgment interest compensates for the use, forbearance, or detention of money; and, in this instance, Hall's period of deprivation ended on 19 November 2003. It is this order from which Hall appeals, asserting: the district court erred in not awarding prejudgment interest consistent with the dates in this court's 20 September 2006 opinion.

The law-of-the-case doctrine provides "an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal". Fuhrman v. Dretke, 442 F.3d 893, 896

(5th Cir. 2006) (internal quotation marks omitted) (quoting United States v. Becerra, 155 F.3d 740, 752 (5th Cir. 1998)). There are exceptions, however, to this general rule. Id. at 897. For example, reexamination by this court is allowed if the decision was clearly erroneous and would work a manifest injustice. Id. We find this exception applicable here and therefore hold we are not prevented from reexamining the issue at hand.

Hall urges us to treat the 19 November 2003 payment of $595,000 as a credit, rather than payment of the entire principal. Such an assertion does not comport with Texas law: the purpose of prejudgment interest is to compensate the injured party for the lost use of his money. TEX. FIN. CODE § 301.002(a)(4) (defining "interest" as "compensation for the use, forbearance, or detention of money"); see also Battaglia v. Alexander, 177 S.W.3d 893, 907 (Tex. 2005). No Texas case directly addresses a court's awarding prejudgment interest for the time period after the principal judgment has been paid.

Although not directly on point, the Texas Supreme Court in Ellis County State Bank v. Keever, 888 S.W.2d 790, 797 n.13 (Tex. 1994), stated: "Prejudgment interest . . . [is] excluded from 'the judgment' for purposes of computing interest; otherwise, the result, interest on interest or compound interest, would squarely conflict with the statutory provision for simple interest". Hall relies exclusively on the Texas Court of Appeals' decision in Casteel v. Crown Life Insurance Co., 3 S.W.3d 582, 596 (Tex. App. 1997), aff'd in part, rev'd in part, 22 S.W.3d 378 (Tex. 2000), wherein the court held prejudgment interest to be a part of actual damages for purposes of computation of treble damages. The holding in Casteel is easily distinguishable; the case does not address, and cannot be read to bear upon, whether it is proper to calculate prejudgment interest for a time period after a judgment has been paid. Once paid, the rationale for such interest no longer exists. See TEX. FIN. CODE § 301.002(a)(4). Therefore, it would have been clearly erroneous to award Hall prejudgment

interest for the time period between 19 November 2003 and 6 April 2007.  The district court recognized this.

AFFIRMED.