Stuart **FALOR**, Appellant,

v.

Sandra **FALOR**, Appellee.

No. 04–91–00554–CV.

Court of Appeals of Texas, San Antonio.

Sept. 30, 1992.

**684**

W.C. Kirkendall, Saegert, Kirkendall, Frost and Raetzsch, Seguin, for appellant.

Bill Bender, Seguin, for appellee.

Before REEVES, C.J., and CARR and GARCIA, JJ.

## OPINION

REEVES, Chief Justice.

This appeal challenges the validity of a court ordered property settlement and permanent injunction. The wife, appellee, was awarded more than fifty percent of the community property. Additionally, a part of the wife's property settlement was secured through two liens against the husband's real property which he claims is his separate property homestead. Finally, a permanent injunction enjoined the husband from contacting his wife except when exercising his visitation rights with their children.

The appellant asserts six points of error: (1) there was no evidence of community equity in the homestead; (2) there was insufficient evidence of community equity in the homestead; (3) the trial court was wrong for securing the wife's property settlement interest through a lien on the hus-

band's homestead because she had no equity in the land which was his separate property; (4) the permanent injunction against the husband is invalid because the order is neither supported by the pleadings nor by any evidence; (5) no evidence supports the finding that the husband wasted community assets; and (6) the property award was an abuse of discretion.

We affirm in part and reverse and remand in part. The permanent injunction is dissolved.

## FACTS

Stuart and Sandra Falor were married November 29, 1975. They divorced November 14, 1990; the trial court issued a property settlement, and a child support and custody order. Sandra Falor requested a new trial because, she alleged, her husband was violating the order; she asked the court to reconsider the property division. A new trial was granted to reconsider the property settlement only. A final divorce decree was issued August 19, 1991.

The appellant asserts no evidence points of error. In reviewing these points we will consider only the evidence and inferences that tend to support the trial court's finding while disregarding all evidence and inferences to the contrary. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 593 (Tex.1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). Additionally, the appellant asserts an insufficient evidence point of error. In considering a factual sufficiency point, we will consider and weigh all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, shocking to the conscience, or clearly demonstrates bias. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

The first three points of error concern a house and eleven acres of land. The Falors decided to build a house on land which at that time was owned by Stuart Falor's parents. Stuart Falor's father, a general contractor, was to construct the house. Consequently, Stuart and Sandra Falor executed a $72,000.00 Builder's and Mechanic's Lien Contract (Builder's Lien) with Stuart Falor's father on August 18, 1983.

On August 19, 1983, Stuart Falor's father sold ten acres of land in a contract that named only Stuart Falor; this land surrounded a one acre tract of land. The purchase was possible through a $20,000.00 Texas Veterans Land Program loan that named only Stuart Falor. The effective date of the contract was September 9, 1983.

On August 25, 1983 Stuart Falor's parents granted him the one acre tract via a Deed of Gift, citing as consideration "love and affection." The home was built on this one acre of land.

The Falors financed the $72,000.00 Builder's Lien with a $55,000.00 loan from the Seguin Savings Association (Seguin Savings); both Sandra and Stuart signed the note and deed of trust. Stuart Falor's father subsequently assigned his Builder's Lien to Seguin Savings. The father testified at trial that the difference between the Builder's Lien and the Seguin Savings' note was a gift to Stuart Falor which was financed by the sale of the ten acre plot of land.

The final divorce decree awarded Stuart Falor the house and eleven acres of land. Sandra Falor was awarded two separate cash awards of $7,500.00 and $2,500.00. This $10,000.00 cash award was to be evidenced by a three year note secured by a Deed of Trust executed by Stuart Falor on the one acre and ten acre tracts of land. The trial court stated in its findings of fact and conclusions of law that Sandra Falor had an equitable interest in the real property for the following reasons: (1) Stuart Falor wasted community property; and (2) she had a right of reimbursement for community funds used to reduce the real property mortgages.

The trial court found that Stuart Falor wasted approximately $28,000.00 of community assets for non-community purposes. Consequently, the court awarded a dispro-

portionate share of the community property to Sandra Falor.

Lastly, the trial court enforced a permanent injunction against Stuart Falor: he is "restrained from going to or near the residence or place of employment ... or any other place where [Sandra Falor] may be, except to exercise his rights of visitation with the children."

## HOMESTEAD LIEN

The appellant, Stuart Falor, contends the trial court erred by securing the appellee's property settlement interest through a lien on the husband's real property for the following reasons: (1) there was no evidence of community equity in the homestead; (2) there was insufficient evidence of community equity in the homestead; and (3) it is improper to enforce a lien against separate property homesteads to secure a general money judgment.

■ Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. TEX. FAM.CODE ANN. § 5.02 (Vernon Supp.1992). Sandra Falor had no obligation to prove a community interest in the homestead since the character of the homestead was presumed community. Instead the burden rested upon the appellant to overcome the community presumption by proving that the homestead was his separate property. *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex.1973). Because the homestead was presumed to be community property, no evidence was required to prove community equity in the homestead. Therefore, the appellant's no evidence and insufficient evidence points of error are overruled.

The appellant alleges that it is improper to enforce a lien against his separate property homestead to secure a general money judgment.

The appellee's lien was applied to the one acre tract, where the family residence was built, and the surrounding ten acre tract. It is unclear what property the homestead encompasses. If the land is urban then by definition the homestead extends to only the one acre plot. If the land is rural,

however, the homestead could encompass both the one and ten acre plots. *See* TEX. PROP.CODE ANN. § 41.002(a)(b) (Vernon Supp.1992). The land is rural if "at the time the designation is made, the property is not served by municipal utilities and fire and police protection." TEX.PROP.CODE ANN. § 41.002(c) (Vernon Supp.1992). Because it is unclear whether the homestead extends beyond the one acre tract to encompass the surrounding ten acre tract, we remand this finding of fact to the trial court for determination.

The question remains whether the appellee's lien against the appellant's real property is proper since, he claims, the land is his separate property homestead and the lien is attached to secure a reimbursement award.

■ Equitable liens can be imposed upon a spouse's separate real property to secure the other spouse's right of reimbursement, although such liens may not be imposed to ensure a just and right division. *Heggen v. Pemelton*, 836 S.W.2d 145, 146 (Tex.1992), *modified*, 35 Tex.Sup.Ct.J. 1100 (Sept. 12, 1992) (remanded to trial court for judgment consistent with settlement). The trial court's liens, imposed upon the one and ten acre tracts, secured a reimbursement award. The appellee was reimbursed for community property her husband wasted and for community funds that reduced the real property mortgages. Because the liens secured a reimbursement award, they are not improper for the reason that they were impressed on appellant's separate property. It remains to be seen, however, whether the liens were improper since they were imposed on homestead property.

The trial court's conclusion of law that liens could be placed on the appellant's real property is not binding and this court is free to make its own legal conclusions. *Muller v. Nelson, Sherrod & Carter*, 563 S.W.2d 697, 702 (Tex.Civ.App.—Fort Worth 1978, no writ).

■ We hold that a lien can be imposed upon a spouse's separate property homestead to secure the other spouse's right of reimbursement only if the award compensates the spouse for taxes, improvements,

or purchase money payments. *Heggen,* 836 S.W.2d at 147; *Eggemeyer v. Eggemeyer,* 623 S.W.2d 462, 466 (Tex.App.—Waco 1981, writ dism'd); *Kamel v. Kamel,* 760 S.W.2d 677 (Tex.App.—Tyler 1988, writ denied) (lien enforceable because it fell within home improvement exception to homestead exemption). This restriction is imposed by the Texas State Constitution which dictates that liens against the homestead are invalid except for purchase money, taxes, or improvements. Tex.Const. art. XVI, § 50 (1891, amended 1973); *Heggen,* 836 S.W.2d at 146 (Tex.1992).

■ This matter is remanded so that the trial court can answer certain questions and apply the law as dictated by this court. First, the trial court shall determine if the homestead encompasses the ten acre tract. Second, the trial court shall determine what percentage of the appellee's reimbursement award was for taxes, purchase money, and improvements. If the trial court finds that the ten acres is not the appellant's homestead, the following liens are proper: (1) an equitable lien is proper against the ten acre tract up to the full value of the land; and (2) an equitable lien against the one acre tract is proper for the amount that reimburses the appellee for taxes, purchase money, or improvements since the one acre tract is homestead property. If the trial court, however, determines that both the one acre and ten acre tracts are homestead property, then equitable liens may be applied to both tracts to the extent they reimburse the appellee for taxes, purchase money, or improvements. We stress that the trial court's $10,000.00 appellee award is still valid. Depending upon the trial court's findings, however, the award may not be secured wholly.

## PERMANENT INJUNCTION

■ The original divorce decree of November 14, 1990 issued a permanent injunction against both spouses. Subsequently, the appellee, Sandra Falor, was granted a new trial. The new trial's operative pleading was the "Petitioner's Third Amended Petition for Divorce" (Third Amended Petition). The Third Amended Petition was unverified and asked that a temporary restraining order be issued against the appellant but does not request a permanent injunction. The trial court permanently enjoined the appellant from "going to or near the residence or place of employment ... or any other place where [Sandra Falor] may be, except to exercise his rights of visitation with the children."

In Texas, it is well established that a judgment can not stand unless it is supported by both pleadings and evidence. *Lyles v. Johnson,* 585 S.W.2d 778, 782 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref. n.r.e.). *See also* Tex.R.Civ.P. 301. The appellee did not petition the court for a permanent injunction through a verified pleading. A request for a temporary restraining order does not equate a permanent injunction. Additionally, there was no trial evidence supporting a permanent injunction. Therefore, the fourth point of error is sustained and the permanent injunction against the appellant is dissolved.

## COMMUNITY ESTATE DIVISION

The appellant asserts in his fifth point of error that the trial court abused its discretion by awarding over one hundred percent of the existing community assets to the appellee.

■ In a decree of divorce the court must order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. Tex.Fam.Code Ann. § 3.63(a) (Vernon Supp.1992). The mere fact that the community estate is not equally divided does not constitute an abuse of discretion. *Zamora v. Zamora,* 611 S.W.2d 660, 662 (Tex.Civ.App.—Corpus Christi 1980, no writ). The division of property must not be so disproportionate as to be inequitable and the circumstances must justify awarding more than one-half to one spouse. *Zamora,* 611 S.W.2d at 662.

The appellant submitted a chart with his brief that summarized the disposition of the community property. According to his estimates, the appellee received approximately one hundred and forty-six percent

of the estate while the husband received no community equity. The appellant's community equity was over-shadowed by the community debts that were assigned to him, essentially. We find fault with his portrayal of the community property division. The appellant fails to credit his side with the home equity, and his community estate would be credited with an additional $14,000.00 had he not wasted community assets. Additionally, he enjoys the benefit of living in the homestead.

■ The trial court has wide discretion in dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981). This court will resolve every reasonable presumption in favor of the trial court's proper exercise of that discretion, absent a clear showing of abuse. *Lettieri v. Lettieri*, 654 S.W.2d 554, 557 (Tex. App.—Fort Worth 1983, writ dism'd).

■ In dividing the estate of the parties, the trial court may consider such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. *Murff*, 615 S.W.2d at 699. Considering these factors, especially the existence of the appellant's separate estate, the relative earning capacities of the parties (the appellant makes about $36,000.00 per year while the appellee makes about $16,-000.00 per year), and the appellee's obligations as the sole managing conservator of the couple's two children, we find that the trial court did not abuse its discretion when it divided the *Falor* marital estate.

The appellant asserts through his sixth point of error that there was no evidence for the trial court to find that the payment of debt by the appellant was a waste of community assets.

The trial court found that the appellant disposed of approximately $28,000.00 worth of community assets without the knowledge and consent of the appellee for non-community purposes. The court concluded that the appellee is entitled to reimbursement for her share of the community property because of this disposition and is entitled to a disproportionate share of the community property.

The appellant argues that there is no evidence to find that the payment of debt by the appellant was a waste of community assets.

■ In considering this point of error, we will consider only the evidence and inferences that tend to support the trial court's finding while disregarding all evidence and inferences to the contrary. After reviewing the record we find that there is more than a scintilla of evidence to support the trial court finding. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). There was evidence that: (1) the appellant disbursed community funds to his father, brother, and long time friend; (2) the funds were disbursed three days after the appellee left the appellant; (3) the appellee had no knowledge of and did not consent to the disbursement of community funds; (4) some of the debts were not legitimate since the appellant, with his friend and family members, typically bartered services without demanding cash payment; and (5) some of the debts were separate property debts since they were acquired before marriage. Therefore, the sixth point of error is overruled.

Part of the judgment is affirmed. The permanent injunction is dissolved. The portion of the judgment fixing a lien on the appellant's real property is reversed and the cause is remanded for rehearing in a manner consistent with this opinion.

The judgment of the trial court is affirmed in part and reversed and remanded in part. The permanent injunction is dissolved.