11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Daniel J. Langston

Appellant

Vs.                   No.
11-01-00205-CV B Appeal from Howard County                         

Wendy Langston

Appellee

 

The trial
court granted Wendy Langston=s petition for divorce.  As a
part of the final decree, the trial court awarded Daniel J. Langston=s separate real estate to Wendy.  In his sole issue on appeal,  Daniel argues that the trial court abused
its discretion in divesting him of his separate real property.   We agree. 
The judgment of the trial court as to the division of property is
reversed, and the cause is remanded.

Daniel did
not file an answer, appear, or testify in this divorce action.  At a bench trial, Wendy asked for a default
judgment.  Wendy testified that Daniel
owned the house and property located at 3307 Cornell, Big Spring, prior to
their marriage.  Daniel was still living
in the residence at the time of the divorce. 
During their marriage, Daniel and Wendy obtained a home equity loan and
used the property as security.  Wendy
testified that the loan was for the purpose of refinancing the debt on the
property.  At the time of the hearing,
the loan had an outstanding balance of $55,550.37.  No payments had been made for four months.  The insurance on the property lapsed, and
taxes were due.  The lienholder had
contacted Wendy regarding their delinquency in the payments.  Daniel and Wendy were both personally liable
for the debt.  

In
granting Wendy=s petition for divorce, the trial court
said:  

I=m going to divide the estate of the marriage in accordance with the
testimony here today....And specifically with regard to the house on Cornell, I
am going to award [Wendy] the entirety of the community=s interest in that property as brought about
by the execution of the refinancing documents.

 

 

 

 








In contrast to the trial court=s oral pronouncement, the judgment in this
case recites: 

 

IT IS
ORDERED AND DECREED that the wife, WENDY LANGSTON, is awarded the following as
her sole and separate property, and the husband is divested of all right,
title, interest, and claim in and to that property:

 

W-1.  The following real property is found by the
Court to be the separate property of the Husband.  However, there is an encumbrance upon the property which is a
community debt liability of $55,530.58. 
Such debt exceeds the fair market value of the property.  The Husband has been delinquent in the
payment upon such debt, failed to maintain hazard insurance and failed to pay
real property taxes as the same became due. 
The Wife is personally liable upon such indebtedness and there is not
any community assets which can be awarded to the Wife to compensate the excess
liability to which the Wife is exposed. 
The Court therefore finds that for a just and proper division of the
assets and the debts that the Husband be divested of his separate property
interest and that the following real property be awarded to the Wife along with
the community indebtedness in order that the Wife may properly discharge such
debt and personal liability of the Wife. 
The Wife is also awarded any escrow funds, prepaid insurance, utility
deposits, keys, house plans, home security access and code, garage door opener,
warranties and service contracts, and title and closing documents in and to the
following property:

 

a.   3307 Cornell, Big Spring, Howard County,
Texas

      All of Lot No. Four (4) in Block No.
Twenty Seven (27), College Park Estates. 
(Emphasis added)

 

Wendy urges that, after the recent amendments to TEX. FAM. CODE ANN. '' 3.401 et seq. (Vernon Supp. 2002), the trial
court in a divorce action can now divest a person of his separate
property.  We disagree. Eggemeyer v.
Eggemeyer, 554 S.W.2d 137, 142 (Tex.1977); see also Cameron v. Cameron, 641
S.W.2d 210 (Tex.1982).  Although courts
are given broad discretion in the division of community property in a divorce
action, that discretion does not enable the trial court to divest one spouse of
separate property and award it to the other spouse. 

Property owned by a spouse before marriage remains the separate
property of that spouse during marriage. 
TEX. CONST. art. XVI, ' 15; TEX. FAM. CODE ANN. ' 3.001 (Vernon Supp. 2002). 
Once property is characterized as separate property, that character does
not change although the property is improved with community funds.  Leighton v. Leighton, 921 S.W.2d 365, 367
(Tex.App. B Houston [1st Dist.] 1996, no writ).  








During the
marriage, Daniel and Wendy took out a home equity loan which was secured by
Daniel=s separate real property.  A marital estate that makes an economic
contribution to property owned by another estate has a claim for economic
contribution with respect to the benefitted estate. Section 3.403(a).  Wendy testified that the property had an
appraised value of $68,000 but that, under a forced sale, would only bring
about $38,000 based on her observations of other property in the
neighborhood.  This home equity loan
created a viable community interest claim for economic contribution if the
community funds were used to satisfy, in whole or in part, Daniel=s separate property obligation on his
separate property real estate.  Sections
3.402 & 3.403.

 Ownership interests are determined according
to the inception of title rule.  TEX.
FAM. CODE ANN. ' 3.006 (Vernon Supp. 2002).  A claim for economic contribution made by
the  community estate against separate
property of a spouse does not affect the rule of inception of title under which
the character of the property at the time the right to own or claim the
property arises. Section 3.404(a).   A
claim for economic contribution does not create an ownership interest in the
property; it merely creates a claim against the property of the benefitted
estate which matures upon the termination of the marriage.  See Section 3.404(b).  In making its just and right division of
property upon divorce, the trial court may also be required to make a division
of a claim for economic contribution of the community marital estate in the
separate marital estate of a spouse. 
TEX. FAM. CODE ANN. ' 7.007 (Vernon Supp. 2002).  In
making this division upon termination of the marriage, the court shall
impose an equitable lien on property of a marital estate to secure a claim for
economic contribution in that property by another marital estate.  Section 3.406.








The spouse
seeking to impose a lien on the other spouse=s separate property to secure the claim for economic contribution would
necessarily have to bring forth sufficient evidence for the fact finder to
determine the enhancement value to the separate property.  In this case, the evidence shows that the
marriage was but for a short time.  In
the record, the trial court refers to a refinancing statement for the home
equity loan, but that document does not appear to have been introduced into
evidence.  Because this appeal is based
on a default judgment, the economic contribution made by the community marital
estate to Daniel=s separate property was not well
developed.  For example, see SAMPSON
& TINDALL=S TEXAS FAMILY CODE ANNOTATED, Chapter 3,
subchapter E (2001)(Guest Commentary by State Representative Toby Goodman,
Chairman, Juvenile Justice and Family Issues Committee).

The underlying
but ultimate issue in this case is whether the imposition and foreclosure of an
equitable lien against a spouse=s separate property is tantamount to divesting that spouse of his
separate property.   It is not.  Although a court cannot divest a spouse of
his separate property, the trial court must impose an equitable lien on that
spouse=s separate property to secure the other
spouse=s claim for economic contribution.  That lien, if not satisfied, is subject to
foreclosure as any other judgment lien.[1]  However, the court cannot abrogate the
safeguards provided by the procedures to foreclose a judgment lien by directly
divesting title to one=s
separate property and vesting title in another.

The Eggemeyer
court addressed two issues in explaining the constitutional protection
prohibiting a trial court from divesting title to one=s separate property in making its just and
right division of property upon divorce. 
First, referencing Article XVI, section 15, the court said:  

If one spouse=s separate property may by a divorce decree
be changed from the separate property of the one spouse into the separate
property of the other, there is a type of separate property which is not
embraced within the constitutional definition of the term.

 

Eggemeyer
v. Eggemeyer, supra at 140.  The
imposition of a lien on the separate property does not change the nature or
definition of the property.  

Second, the Eggemeyer court observed that divesting one spouse=s separate property by divorce decree
violated TEX. CONST. art. I, ' 15.  This section provides that
no citizen of this state shall be deprived of his property except by due course
of law of the land, that being both procedural and substantive due course.  The requisite procedures for foreclosure of
a  lien against real property would not
deny either spouse of his right to due course of law.   See TEX.R.CIV.P. 621.








 A trial court has broad discretion in
dividing the marital estate in a manner that the court deems just and
right.  See TEX. FAM. CODE ANN. ' 7.001 (Vernon 1998); Murff v. Murff, 615
S.W.2d 696, 698 (Tex.1981); Smith v. Smith, 22 S.W.3d 140, 143 (Tex.App. -
Houston [14th Dist.] 2000, no pet=n). We will not disturb a trial court's property division unless the
trial court clearly abuses that discretion. 
Bell v. Bell, 513 S.W.2d 20, 22 (Tex.1974); Smith v. Smith, supra at
143.  The trial court has no discretion
to divest a spouse of his separate property. 
Cameron v. Cameron, supra at 220; Osborn v. Osborn, 961 S.W.2d 408,
413-14 (Tex.App. - Houston [1st Dist.] 1997, writ den=d).

By
awarding Daniel=s separate property to Wendy,  the trial court abused its discretion in the
division of the estate of the parties. 
Daniel=s sole issue on appeal is sustained.  The decree of the trial court is reversed,
and the cause is remanded.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

June 13, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and Dickenson, S.J.[2]











[1]The issue of whether a Section 3.406 lien can be
foreclosed on a spouse=s separate property which is homesteaded is not before
us.  Section 3.406(c); also generally
see Heggen v.  Pemelton, 836 S.W.2d 145
(Tex.1992);  Falor v. Falor, 840 S.W.2d
683 (Tex.App. - San Antonio 1992, no writ).





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.