

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00151-CV

IN THE INTEREST OF A.A.N.,
I.G.N., AND N.L.N., II, CHILDREN

----------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 233-485486-10

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In his sole issue, Father appeals the permanent injunction in the trial court's judgment regarding his girlfriend's access to the children and having unrelated members of the opposite sex stay overnight. We reverse and render in part and affirm as modified.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Mother and Father had three children together. They divorced on January 26, 2011. The divorce decree appointed both parties as joint managing conservators and named Mother as the conservator with the exclusive right to designate the primary residence of the children.

On August 10, 2012, Mother filed a petition to modify the parent-child relationship and application for a temporary restraining order and a protective order. Father filed a counter-petition to modify the parent-child relationship.

The trial court's January 26, 2013 temporary orders stated, among other things, that the parties "shall not have unrelated members of the opposite sex staying overnight during each party's period of possession" and that "the children shall have no access to . . . [Father's girlfriend]."[2] After conducting a hearing on February 21, 2013, the trial court denied both parties' modification requests but ordered that the injunctions prohibiting any contact between Father's girlfriend and the children and prohibiting the parties from having unrelated members of the opposite sex stay overnight during their period of possession remain in effect and survive finality of the judgment.[3] This appeal followed.

---

[2]The children were ages fifteen, eleven, and eight.

[3]The trial court also ordered that the injunction prohibiting Father from interfering with Mother's use and enjoyment of the vehicle in her possession remain in effect and survive finality of the judgment, but Father does not complain about this permanent injunction in this appeal.

### III. Discussion

In his sole issue containing three subissues, Father argues that the trial court abused its discretion by granting the permanent injunctive relief at issue here because Mother never pleaded for that relief, the evidence is legally and factually insufficient to support this injunctive relief, and the injunction prohibiting the parties from having unrelated members of the opposite sex stay overnight is overly broad and not supported by the evidence.

Because the family code does not expressly address permanent injunctions in suits affecting the parent-child relationship, *see Peck v. Peck*, 172 S.W.3d 26, 35 (Tex. App.—Dallas 2005, pet. denied), we apply the rules applicable to permanent injunctions in civil cases generally. *See* Tex. Fam. Code Ann. § 105.003(a) (West 2014) ("Except as otherwise provided by this title, proceedings shall be as in civil cases generally.").

To be entitled to a permanent injunction, the party seeking the injunction must plead and prove (1) a wrongful act, (2) imminent harm, (3) irreparable injury, and (4) absence of an adequate remedy at law. *See Indian Beach Prop. Owners Ass'n v. Linden*, 222 S.W.3d 682, 690 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A trial court abuses its discretion by granting an injunction when it misapplies the law to established facts or when the evidence does not reasonably support the determination or the existence of a probable right of recovery or probable injury. *See Marketshare Telecom, L.L.C. v. Ericsson, Inc.*, 198 S.W.3d 908, 916 (Tex. App.—Dallas 2006, no pet.). Furthermore, "a

permanent injunction 'must not grant relief which is not prayed for nor be more comprehensive or restrictive than justified by the pleadings, the evidence, and the usages of equity.'" *In re N.W.*, No. 02-12-00057-CV, 2013 WL 5302716, at *11 (Tex. App.—Fort Worth Sept. 19, 2013, no pet.) (mem. op.) (quoting *Holubec v. Brandenberger*, 111 S.W.3d 32, 39 (Tex. 2003)).

Here, Mother's pleadings did not contain a request for a permanent injunction, and she neither amended her pleadings nor asked for a trial amendment to add a request for a permanent injunction. *See id.* (dissolving permanent injunction in final order when Father's pleadings did not include a request for permanent injunction); *Falor v. Falor*, 840 S.W.2d 683, 687 (Tex. App.—San Antonio 1992, no writ) (holding trial court abused its discretion by issuing permanent injunction that father stay away from mother because mother did not plead or prove necessity of permanent injunction). A permanent injunction cannot stand in the absence of pleadings requesting such relief, the granting of a trial amendment to add a request for permanent injunction, or trial of the issue by consent.[4] *See A.B.H.*, 266 S.W.3d at 599–601 (holding trial court's

---

[4]Trial by consent is a doctrine that is only intended to cover extraordinary cases in which it clearly appears from the record that the parties tried the unpleaded issue. *See In re A.B.H.*, 266 S.W.3d 596, 600 (Tex. App.—Fort Worth 2008, no pet.); *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). Consent may be found only when evidence concerning an unpleaded issue is developed under circumstances indicating that both parties understood the issue was in the case. *See* Tex. R. Civ. P. 67; *A.B.H.*, 266 S.W.3d at 600. Having reviewed the record, we cannot say that this is the type of extraordinary case in which the record clearly indicates that both parties understood requests for permanent injunctions were in the case.

4

appointing father sole managing conservator in absence of pleading or trial by consent constituted abuse of discretion); *Falor*, 840 S.W.2d at 687 (dissolving permanent injunction in absence of pleading and proof); *see also* Tex. Fam. Code Ann. § 156.004 (West 2014) ("The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under this chapter."); Tex. R. Civ. P. 301 (requiring trial court's judgment to conform to pleadings); *In re J.A.L.*, No. 02-10-00374-CV, 2012 WL 858638, at *2–3 (Tex. App.—Fort Worth Mar. 15, 2012, no pet.) (mem. op.) (holding trial court abused discretion by modifying conservatorship and child support because no pleading requested that relief); *Funes v. Villatoro*, 352 S.W.3d 200, 214 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (reversing trial court's permanent injunction and rendering a take-nothing judgment as to injunctive relief when plaintiff did not seek injunctive relief in his pleadings).

Further, even if Mother had pleaded for the permanent injunctions at issue, the record contains insufficient evidence to support their issuance. Mother testified that her daughter was concerned about Father's girlfriend after discovering racy pictures of her on the internet. Mother stated that she was disgusted by the pictures and that she believed Father's girlfriend was a bad influence on her children. However, Mother presented no evidence that the children were harmed by these photographs or that the children would suffer irreparable injury if they were allowed further access to Father's girlfriend. Mother's concern that Father's girlfriend was a bad influence on the children was

5

not a sufficient basis to support an injunction prohibiting the girlfriend from having any contact with the children. *See Frequent Flyer Depot Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 227 (Tex. App.—Fort Worth 2009, pet. denied) (stating that fear and apprehension of a speculative injury are not sufficient to support an injunction).

Additionally, neither side developed testimony on the impact of having an overnight guest, and the record is devoid of any evidence showing that the children would be imminently harmed and would suffer irreparable injury if unrelated members of the opposite sex—even the children's friends from school—were allowed to stay overnight during the parties' periods of possession. Accordingly, we sustain Father's sole issue.

## IV. Conclusion

Having sustained Father's sole issue, we reverse the parts of the judgment granting the permanent injunctions at issue and render judgment dissolving those permanent injunctions. We affirm the remainder of the judgment as modified.

PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

GABRIEL, J. concurs without opinion.

DELIVERED: July 31, 2014

6